**DICELLO LEVITT LLP**
DOUG ROCHEN (SBN 217231)
drochen@dicellolevitt.com
4747 Executive Drive, Suite 240
San Diego, CA 92121
Tel.: 619-923-3939

GREG G. GUTZLER (*pro hac vice* forthcoming)
MOLLIE WEISS (*pro hac vice* forthcoming)
ggutzler@dicellolevitt.com
mweiss@dicellolevitt.com
485 Lexington Ave., Suite 1001
New York, NY 10017
Tel.: 646-933-1000

*Attorneys for Plaintiff*
*JANE DOE*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, | Case No.: 5:26-cv-01093 |
| Plaintiff, | |
| v. | **PLAINTIFF'S ADMINISTRATIVE MOTION TO PROCEED UNDER A PSEUDONYM** |
| LEVI MILLIGAN, | |
| Defendant. | |

Plaintiff Jane Doe hereby moves this Court for an order allowing Plaintiff to proceed with this action with a caption using the pseudonym Jane Doe, and to prosecute this action under this pseudonym.

## I.    INTRODUCTION

This civil action arises from Defendant Levi Milligan's intentional, surreptitious, and non-consensual recording of explicit content of Plaintiff Jane Doe over the course of their romantic relationship. (ECF No. 1 ¶ 1.) Milligan was Jane Doe's boyfriend for over five years. Jane Doe trusted that Milligan would treat her with respect and dignity; indeed, Milligan had even told Jane Doe that he wanted to help her heal from her prior relationship in which she had been abused by her ex-boyfriend. (ECF No. 1 ¶ 2.) Instead, Milligan secretly and repeatedly recorded videos of himself and Jane Doe while they were having sex with one another. (*See* ECF No. 1 ¶¶ 26–33.) Plaintiff seeks to use a pseudonym in this litigation because of the highly personal nature of her victimization and because of the serious risk of harm to which she could be exposed if she brought this suit in her actual name.

## II.    LEGAL STANDARD AND ARGUMENT

A party is allowed to proceed in litigation under a pseudonym in the "unusual case" when anonymity is "necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1067–68 (9th Cir. 2000). Courts must determine whether a party's "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. The Ninth Circuit determines whether a plaintiff may proceed anonymously by balancing five factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to retaliation, (4) the prejudice to the opposing party, and (5) the public interest. *Id.* at 1068–69. "With regard to allegations of sexual assault or sexual harassment in particular, courts in the Ninth Circuit have found that allowing victims to proceed anonymously serves a strong public interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Doe J. B. v. Roblox Corp.*, No. 26-CV-00230-SK, 2026 WL 147700, at *1 (N.D. Cal. Jan. 20, 2026).

1

Plaintiff's legitimate concerns outweigh any prejudice to Defendant from allowing Plaintiff Jane Doe to proceed anonymously. Defendant's victimization of Plaintiff was highly personal. Because of the nature of Defendant's wrongdoing, particularly the illegal, non-consensual capture of intimate images and videos of Plaintiff, there is no public interest in knowing Plaintiff's identity. Indeed, revealing Plaintiff's identity in this setting would undermine the very cause of action—Defendant's invasion of Plaintiff's privacy—and would exacerbate the emotional distress, anxiety, and harm to Plaintiff's sense of safety that Plaintiff has already suffered. It is reasonable for Plaintiff, who has suffered emotional distress because of the invasion of her privacy, to fear that her emotional distress will be exacerbated if her privacy is further invaded by revealing her identity to the public. There is no prejudice to Defendant as Defendant is aware of Plaintiff's identity.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the requested relief and allow Plaintiff to proceed anonymously.

Dated: February 9, 2026

By:    /s/ *Doug Rochen*
DOUG ROCHEN (SBN 217231)
**DICELLO LEVITT LLP**
drochen@dicellolevitt.com
4747 Executive Drive, Suite 240
San Diego, CA 92121
619-923-3939

GREG G. GUTZLER (*pro hac vice* forthcoming)
MOLLIE WEISS (*pro hac vice* forthcoming)
ggutzler@dicellolevitt.com
mweiss@dicellolevitt.com
485 Lexington Ave., Suite 1001
New York, NY 10017
646-933-1000

*Attorneys for Plaintiff*
*JANE DOE*

PLAINTIFF'S ADMINISTRATIVE MOTION TO PROCEED UNDER A PSEUDONYM